**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4732**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANGIE DENISE BOATWRIGHT,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:15-cr-00200-CCE-1)

_____

Submitted: November 30, 2016        Decided:  January 5, 2017

_____

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Duberstein,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Ripley Rand, United States Attorney, Clifton T.
Barrett, Michael Francis Joseph, Assistant United States
Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angie Denise Boatwright pled guilty to possession and distribution of pseudoephedrine knowing that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2) (2012). The district court sentenced Boatwright to 64 months' imprisonment, a term falling within the applicable Sentencing Guidelines range. On appeal, Boatwright argues that the district court erred in failing to accord reduced deference to the applicable Guideline. For the reasons that follow, we affirm.

"[A]ppellate review of sentencing decisions is limited to determining whether they are reasonable." Gall v. United States, 552 U.S. 38, 46 (2007) (internal quotation marks omitted). Such review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this Court considers whether the district court properly calculated the applicable advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, sufficiently explained the selected sentence, and did not treat the Guidelines as mandatory. Id. at 49-51. This Court "review[s] the [district] court's factual findings for clear error [and] its legal conclusions de novo." United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

2

We discern no procedural error in Boatwright's sentencing. It is clear from the record that the district court knew that it could vary from the Guidelines range, but declined to do so. We also reject Boatwright's argument that the district court erred by failing to expressly find that methamphetamine-related Guidelines should receive reduced deference as a policy matter. "Although a sentencing court may be entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data, it is under no obligation to do so." United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir. 2012) (citation omitted).

If this Court finds no significant procedural error, it examines the substantive reasonableness of a sentence "under an abuse-of-discretion standard, taking into account the totality of the circumstances." Gall, 552 U.S. at 51. Any sentence within a properly calculated Guidelines range is presumed to be substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). The district court expressly found that a variance or sentence at the low end of applicable Guidelines range was not appropriate in light of the length of time that Boatwright engaged in the criminal activity and her continued methamphetamine use after pleading guilty. Boatwright offers no argument regarding these factors.

3

Accordingly, we conclude that Boatwright has failed to demonstrate that her sentence is procedurally or substantively unreasonable, and we affirm her sentence. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED